**Wacks & Hartmann, LLC**
Attorneys at Law
55 Madison Avenue, Suite 320A
Morristown, NJ 07960-7397
Telephone: (973) 644-0770
Attorney of record: Philip D. Stern
Attorneys for Plaintiff, Dolores M. Krug

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DOLORES M. KRUG,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SIMM ASSOCIATES, INC., a Delaware Corporation,<br><br>　　　　Defendant. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT** |

Plaintiff, Dolores M. Krug, by way of Complaint against the Defendant, says:

### I. PARTIES

1. DOLORES M. KRUG ("KRUG") is a natural person who, at all times relevant to this complaint, resided in the Township of Millville, Cumberland County, New Jersey and is a citizen of New Jersey.

2. At all times relevant to this complaint, SIMM ASSOCIATES, INC. ("SIMM") is a Delaware for-profit corporation registered as a foreign corporation

pds1497

in the State of New Jersey, whose principal place of business is located at 800 Pencader Drive, Newark, Delaware.

## II. JURISDICTION & VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because SIMM resides in the State of New Jersey within the meaning of 28 U.S.C. § 1391(b) and (c).

## III. PRELIMINARY STATEMENT

5. KRUG brings this action for the illegal practices of SIMM who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from KRUG. KRUG alleges that the SIMM's conduct violated, *inter alia*, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

6. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss

pds1497

of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

7. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Graziano v. Harrison,* 950 F.2d 107, 111, fn5 (3d Cir. 1991).

8. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations is the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

9. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection

pds1497

conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

10. KRUG seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## IV.  FACTS REGARDING KRUG

11. Sometime prior to March 19, 2008, KRUG allegedly incurred a financial obligation arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes and defaulted on that obligation ("Obligation").

12. The alleged Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. KRUG is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. KRUG is informed and believes, and on that basis alleges, that sometime prior to March 19, 2008, the creditor of the Obligation either directly or

through intermediate transactions assigned, placed, transferred, or sold the debt to SIMM for collection.

15. SIMM collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

16. SIMM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. Within the one year immediately preceding the filing of this complaint, SIMM contacted KRUG via telephone in an attempt to collect the Obligation.

18. Within the one year immediately preceding the filing of this complaint, Krug received several "live" telephonic voice messages ("Messages") on her home answering machine.

19. By way of example, on March 19, 2008, KRUG received a Message, the recording of which is embedded in the electronic filing of this complaint and can be heard by clicking *here*, and which is transcribed as follows:

> Dolores Krug, this is Tammy Kane and I need you to return my call as soon as possible. Ah, it's very important regarding some paperwork I have here for Cumberland County. Again, this is Tammy, my number here is 1-800-864-6033; my extension is 2104.

20. Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

pds1497

21. Each of the Messages was left by persons employed by SIMM.

22. Each of the Messages Message failed to:

    (a) Provide meaningful disclosure of SIMM's identity as the caller;

    (b) Disclose that the communication was from a debt collector; and

    (c) Disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

23. Each of the Messages is false, deceptive, and misleading in that the natural consequence of these communications is to harass, oppress, or abuse the least sophisticated consumer and other persons in violation of the FDCPA.

24. To date, KRUG has not received any letters from SIMM.

25. At no time did SIMM have any "paperwork…for Cumberland County" that concerned KRUG.

## V.  FIRST CAUSE OF ACTION

26. KRUG realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

27. SIMM violated the FDCPA. SIMM's violations include, but are not limited to, the following:

    (a) Placing telephone calls without providing meaningful disclosure of SIMM's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(b) By engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

(c) By causing KRUG's telephone to ring and engaging any KRUG continuously with intent to annoy, abuse, or harass in violation of 15 U.S.C. § 1692d(5);

(d) Failing to disclose in the Messages that SIMM is a debt collector in violation of 15 U.S.C. § 1692e(11); and

(e) Failing to send a written notice to KRUG within five days after the initial communication containing her 30-day validation and disputes rights in violation of 15 U.S.C. § 1692g(a).

## VI.  PRAYER FOR RELIEF

28. WHEREFORE, KRUG respectfully request that the Court enter judgment in her favor as follows:

A. An award of the maximum statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A); and

B. Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(3); and

pds1497

C. For such other and further relief as may be just and proper.

**WACKS & HARTMANN, LLC**

Dated: March 18, 2009

*/s/ Philip D. Stern*
PHILIP D. STERN
Attorneys for Plaintiff, Dolores M. Krug

pds1497